# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**MICHAEL BENNETT and**
**COURTNEY RICE-BENNETT,**

    **Plaintiffs,**

**v.**                                **Case No: 8:20-cv-1318-MSS-SPF**

**REVA CLEARWATER, LLC,**
**ALLEGIANCY, LLC, and**
**COLLIERS INTERNATIONAL**
**ASSET SERVICES, LLC,**

    **Defendants.**

_____

## ORDER

**THIS CAUSE** comes before the Court for consideration of Plaintiffs' Motion to Remand. (Dkt. 62) Plaintiffs assert that there appears to be a lack of complete diversity among the Parties and that, therefore, the Court should remand this matter to state court. (Id.) Defendant has failed to respond to Plaintiffs' Motion to Remand, and the time has passed to do so. Accordingly, the Court treats Plaintiff's motion as unopposed. Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS** Plaintiffs' Motion to Remand.

Motions to remand are governed by 28 U.S.C. § 1447, which authorizes a plaintiff to seek remand of a case based on a jurisdictional or procedural defect. 28 U.S.C. § 1447. The Court also has a continuing obligation as a court of limited jurisdiction to assess its jurisdiction at the earliest possible stage of the proceedings.

See Kirkland v. Midland Mortgage Co., 243 F. 3d 1277, 1279-80 (11th Cir. 2001) (citing University of South Alabama v. American Tobacco Co., 168 F. 3d 405, 410 (11th Cir. 1999)); accord Bochese v. Town of Ponce Inlet, 405 F. 3d 964, 974-75 (11th Cir. 2005).

"In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). A removing defendant bears the burden of proving the existence of federal jurisdiction. See Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). When a case is removed based on diversity jurisdiction, the court must remand the case to state court if there is not complete diversity between the parties. Stillwell v. Allstate Ins. Co., 663 F.3d 1329, 1332 (11th Cir. 2011). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Complete diversity exists only if "*each* defendant is a citizen of a different state from *each* plaintiff." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978) (emphasis in original). "[A] limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). The issue of whether to allow the joinder of a non-diverse defendant post-removal is "left to the discretion of the district court." Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir. 1992).

Defendants removed this action on June 9, 2020, alleging diversity under 29 U.S.C. § 1332 as a basis for federal jurisdiction. (Dkt. 1) On July 13, 2020, Plaintiffs voluntarily dismissed their claims against CBRE, Inc., (Dkt. 13), and subsequently, filed an amended complaint on August 7, 2020, joining Defendant Colliers International Asset Services, LLC ("Colliers International"). (Dkt. 22) Plaintiffs assert that they dismissed CBRE, Inc. and joined Colliers International due to the difficulty in identifying which entities caused Plaintiffs' injuries. (Dkt. 62 at ¶ 4) Notably, Defendants have not objected to Plaintiffs' joining of Colliers International. Accordingly, the Court finds no reason to question the joinder of Colliers International.

During discovery, Plaintiffs learned that Colliers International may be a citizen of Florida, thereby destroying the complete diversity among the parties. (Dkt. 62 at ¶ 5) Plaintiffs conducted a deposition of Colliers International's representative for the purpose of ascertaining Colliers International's citizenship. (Id.) During the deposition, Plaintiffs discovered that Robinson Sigma, LLC is a member of Colliers International and that Scott Durham is a member of Robinson Sigma, LLC. (Id.) Plaintiffs further discovered that Scott Durham resides in Florida for one half of the year and in Virginia for the other half of the year. (Id.) Plaintiffs represent that Colliers International's representative did not know whether Scott Durham is a citizen of Florida or Virginia. (Id.)

The citizenship of Scott Durham is of utmost importance. If Scott Durham is a citizen of Florida, Colliers International would also be a citizen of Florida. If that is

true, complete diversity would be destroyed as Plaintiffs are citizens of Florida. The Court would then lack jurisdiction to hear the merits of this matter.

Plaintiffs filed the instant motion raising their doubts as to the Court's subject matter jurisdiction on April 19, 2021. (Dkt. 62) As the removing party, Defendants bear the burden of proving that subject matter jurisdiction exists. Defendants, however, did not respond to Plaintiffs' motion within fourteen (14) days. The Court, therefore, directed Defendants to respond within seven (7) days and further informed Defendants that a failure to respond to Plaintiffs' motion would result in the Court's considering the motion to be unopposed. (Dkt. 76) To date, Defendants have not responded to Plaintiffs' motion, and the time to do so has passed. Absent any justification for subject matter jurisdictions from Defendants, Plaintiffs' motion is due to be granted.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1.      Plaintiffs' Motion for Remand, (Dkt. 62), is **GRANTED**.

2.      The Clerk is **DIRECTED** to **REMAND** this case to the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida.

3.      The Clerk is **DIRECTED** to **TERMINATE** any pending motions and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, this 18th day of May 2021.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**

Counsel of Record
Any Unrepresented Person